Mark L. Javitch (CA SBN 323729)
JAVITCH LAW OFFICE
480 S. Ellsworth Ave
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIA RUTENBURG, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>TWITTER, INC., a Delaware Corporation, and JACK DORSEY, an individual,<br><br>        Defendants. | Case No.:  3:21-cv-_____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff MARIA RUTENBURG brings this Complaint against Defendant TWITTER, INC. ("Twitter") and Defendant JACK DORSEY ("Dorsey" or collectively, "Defendants") and make the following allegations based on personal knowledge as to facts pertaining to their own experiences and on information and belief as to all others:

## NATURE OF THE ACTION

1. Defendants Twitter, Inc. and Jack Dorsey wrongfully and arbitrarily blocked the public's ability to speak in a constitutionally protected designated public forum.

2. This case is not about the free speech of Former President Trump – this case is about the free speech rights of Plaintiff Maria Rutenburg and millions of people around the country who have a First Amendment right to view, discuss, debate, comment, reply and respond to Former President Trump's tweets.

3. Yet Jack Dorsey and Twitter, contrary to their public position of trust, arbitrarily revoked those constitutional rights by picking and choosing which topics people could tweet about, and then ultimately by banning all discussions with Trump's tweets in context.

4. Defendants acted under color of law that was delegated to them when they were entrusted to fairly administer the designated public forum.

5. Defendants' censorship of constitutionally protected speech must be reversed.

6. Therefore, Plaintiff seeks an injunction restoring her ability to comment under the First Amendment and Fourteenth Amendments.

## PARTIES

7. Plaintiff MARIA RUTENBURG ("Plaintiff") is an individual residing in Redwood City, California.

8. Defendant TWITTER, INC. ("Twitter") is a Delaware corporation with its principal place of business located at 1355 Market St., Suite 900, San Francisco, California.

9. Defendant Jack Dorsey is an individual residing in San Francisco, California.

**JURISDICTION AND VENUE**

10. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under 42 U.S.C. § 1983, a federal statute.

11. This Court has general personal jurisdiction over Twitter because Twitter's headquarters is located at 1355 Market St., San Francisco, California.

12. This Court has general personal jurisdiction over Jack Dorsey because according to public reports, Mr. Dorsey resides in San Francisco, California.

13. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because Defendants both reside in this District.

**INTRADISTRICT ASSIGNMENT**

14. Pursuant to Civil L.R. 3-2(c), this case is properly assigned to the San Francisco / Oakland Division because a substantial part of the events or omissions that give rise to Plaintiff's claims occurred in the County of San Francisco, California.

**FACTS**

15. Plaintiff Maria Rutenburg is an attorney and real estate broker in Redwood City, California.

16. Ms. Rutenburg tweets under her own name as "Maria Rutenburg" with the handle @maria_rutenburg.

17. Ms. Rutenburg is a frequent tweeter and has tweeted over 2,800 times since she joined Twitter in June 2020.

18. Plaintiff frequently retweets and likes comments that she agrees with or wants to amplify. She also posted tweets that she wrote herself.

19. Plaintiff commonly liked, commented on, and/or retweeted Former President Trump's comments.

20. Like the Former President, Plaintiff also commonly retweeted others' tweets and tweeted her own original tweets about election fraud.

21. On January 6, 2021, the former president tweeted at least two tweets and a video.

1  The first tweet stated: "Mike Pence didn't have the courage to do what should have been done to protect our Country and our Constitution, giving States a chance to certify a corrected set of facts, not the fraudulent or inaccurate ones which they were asked to previously certify. USA demands the Truth!"



22. At first, the tweet was left up by Defendants, but they attached a warning label to the tweet which said "This claim about election fraud is disputed[.]"

23. The same day, the former president also tweeted a video of himself speaking. In the video, Trump stated:

> I know your pain. I know you're hurt. We had an election that was stolen from us. It was a landslide election, and everyone knows it, especially the other side. But you have to go home now. We have to have peace.
>
> We have to have law and order. We have to have to respect our great people in law and order. We don't want anybody hurt. It's a very tough period of time. There's never been a period of time like this where such a thing happened where they could take it away from all of us: from me, from you, from our country.
>
> This was a fraudulent election, but we can't play into the hands of these people. We have to have peace. So go home. We love you. You're very special. You've seen what happens. You see the way others are treated that are so bad and so evil. I know how you feel but go home and go home in peace.

24. Defendants kept the video up at first but prevented Plaintiff's ability to comment and reply to Trump's video tweet.



25. Defendants applied a warning label to the tweeted video that said: "This claim of election fraud is disputed, and this Tweet can't be replied to, Retweeted, or liked due to a risk of violence."

26. Plaintiff and the public were entirely prevented from commenting on and interacting with the tweet.

27. Then, in the evening, Defendants removed the video and replaced it with a message that said: "This Tweet violated the Twitter Rules."

28. That same day, Trump also tweeted: "These are the things and events that happen when a sacred landslide election victory is so unceremoniously & viciously stripped away from great patriots who have been badly & unfairly treated for so long.  Go home with love & in peace.  Remember this day forever!"



29. Based on these three tweets, on January 7, 2021, Defendants suspended Trump for a 12 hour period and required Trump's account to remove three tweets that represented "severe and repeated" policy violations.

30. Twitter and Jack Dorsey deleted the three tweets and replaced with a banner that read "This Tweet is no longer available."



31. Regarding these deleted tweets, the interactive features usually open to the public were also removed.

32. Plaintiff could not view, comment, or otherwise interact with these three tweets. At that time only the three tweets were blocked, however, it was still possible to search and interact with the thousands of Trump's other tweets.

33. Between November 2, 2020 and January 8, 2021, Twitter deleted approximately 62 tweets.

34. On January 8, 2021, Twitter removed all of Trump's Tweets entirely.

35. Defendants removed the more than 65,000 tweets that used to be visible in the account.

36. In doing so, Defendants arbitrarily prevented Plaintiff and the public from the ability to view and search through the former president's tweets.

37. Plaintiff is no longer able to comment on any of the former president's tweets.

38. Plaintiff was blocked from viewing tweeting, quoting, or retweeting President Trump's tweets.

39. As a direct and proximate result of this misconduct, Plaintiff and the public can no longer debate the former president's tweets.

**CAUSE OF ACTION**
**Violation of the Federal Constitutional Rights**
**42 U.S.C. § 1983**
**(Against All Defendants)**

40. Plaintiff incorporates paragraphs 1–39 as if fully set forth herein.

41. The interactive space where the public may comment on the former president's tweets is a designated public forum.

42. Plaintiff had a First Amendment right to view, comment, retweet, quote, and like the former president's tweets.

43. Plaintiff had a Fourteenth Amendment right to due process before her ability to comment was arbitrarily removed in a designated public forum.

44. Defendants were granted authority by the former president under color of law when they functionally accepted the position to administer the interactive space surrounding former president's tweets.

45. However, Defendants were political opponents of the former president's and could not resist taking biased action.

46. In the weeks and months between the election and the inauguration, Defendants began to abuse their authority in administering the designated public forum by interfering with the content of messages, applying warning labels, deleting tweets on certain topics, and preventing Plaintiff from commenting and interacting with the former president's tweets.

47. On January 6, 2021, Defendants abused their authority under color of law by arbitrarily deleting the space where the public could comment with the former president's tweets (when he spoke

about certain topics such as election fraud) when it deleted (and continues to suppress) three of the former president's tweets.

48. On January 8, 2021, Defendants again abused their authority under color of law when they arbitrarily removed Plaintiff's and the public's ability to interact with the former president's tweets that he wrote for the period that he was in office.

49. Plaintiff seeks injunctive relief and attorney's fees under this section.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

A. An order declaring that Defendants' actions, as set out above, violate 42 U.S.C. § 1983;

B. An injunction requiring Defendants to restore the ability for Plaintiff and the public to view, comment, reply, quote and comment, or otherwise interact with the former president's tweets for the tweets that he wrote during the period of his presidency;

C. An award of reasonable attorney's fees and costs;

D. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: January 22, 2021            Respectfully submitted,

PLAINTIFF MARIA RUTENBURG

By: /s/ Mark L. Javitch
Mark L. Javitch (California SBN 323729)
JAVITCH LAW OFFICE
480 S. Ellsworth Ave
San Mateo CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorney for Plaintiff*