**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MARIA RUTENBURG**, <br> Plaintiff, <br> v. <br> **TWITTER, INC.**, <br> Defendant. | Case No. 4:21-cv-00548-YGR <br><br> **ORDER: (1) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER; AND (2) DENYING AS MOOT *EX PARTE* MOTION TO SHORTEN TIME** <br><br> Re: Dkt. Nos. 9, 10 |

Having reviewed the motion for temporary restraining order filed by plaintiff Maria Rutenburg, the motion for a temporary restraining order is **DENIED**. A fundamental flaw in Rutenburg's entire case is that the claimed rights under the First Amendment (and the corollary claims under the Fourteenth Amendment) cannot be enforced against a private entity such as defendant Twitter, Inc. *See Manhattan Cmty. Access Corp. v. Halleck*, 139 S.Ct. 1921, 1928 (2019) ("The text and original meaning of those Amendments, as well as this Court's longstanding precedents, establish that the Free Speech Clause prohibits only *governmental* abridgment of speech. The Free Speech Clause does not prohibit *private* abridgment of speech." (emphasis in original)); *Belgau v. Inslee*, 975 F.3d 940, 946 (9th Cir. 2020) ("The Supreme Court has long held that 'merely private conduct, however discriminatory or wrongful,' falls outside the purview of the Fourteenth Amendment." (citing *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982))); *Roberts v. AT&T Mobility LLC*, 877 F.3d 833, 837 (9th Cir. 2017) ("A threshold requirement of any constitutional claim is the presence of state action. . . . Because the First Amendment right to petition is a guarantee only against abridgment by [the] government, . . . state action is a necessary threshold which [a plaintiff] must cross before we can even consider whether [a defendant] infringed upon [a plaintiff's] First Amendment rights . . . ." (internal

citations and quotation marks omitted)); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 157 (1978) ("While as a factual matter any person with sufficient physical power may deprive a person of his property, only a State or a private person whose action may be fairly treated as that of the State itself . . . may deprive him of an interest encompassed within the Fourteenth Amendment's protection . . . ." (internal citations and quotation marks omitted)). Further, Rutenburg failed to comply with the Court's local rules and effectuate service, and accordingly, the motion is procedurally defective. *See, e.g.*, Fed. R. Civ. P. 65(b)(1).

Moreover, in light of the foregoing, Rutenburg's *ex parte* motion to shorten the briefing schedule on the motion for temporary restraining order is **DENIED AS MOOT**.

This Order terminates Docket Numbers 9 and 10.

**IT IS SO ORDERED.**

Dated: January 28, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**