UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARIA RUTENBURG**, <br>         Plaintiff, <br>     v. <br> **TWITTER, INC.**, <br>         Defendant. | Case No. 4:21-cv-00548-YGR <br><br> **ORDER TO SHOW CAUSE RE: DISMISSAL FOR LACK OF SUBJECT-MATTER JURISDICTION** <br><br> Re: Dkt. Nos. 11, 15 |

**TO MARIA RUTENBURG AND HER COUNSEL OF RECORD**:

**YOU ARE HEREBY ORDERED TO SHOW CAUSE** in writing why this case should not be dismissed for lack of subject-matter jurisdiction. (*See* Dkt. No. 11 at 1 ("A fundamental flaw in Rutenburg's entire case is that the claimed rights under the First Amendment (and the corollary claims under the Fourteenth Amendment) cannot be enforced against a private entity such as defendant Twitter, Inc." (citing *Manhattan Cmty. Access Corp. v. Halleck*, 139 S.Ct. 1921, 1928 (2019) ("The text and original meaning of those Amendments, as well as this Court's longstanding precedents, establish that the Free Speech Clause prohibits only *governmental* abridgment of speech. The Free Speech Clause does not prohibit *private* abridgment of speech." (emphasis in original)); *Belgau v. Inslee*, 975 F.3d 940, 946 (9th Cir. 2020) ("The Supreme Court has long held that 'merely private conduct, however discriminatory or wrongful,' falls outside the purview of the Fourteenth Amendment." (citing *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982))); *Roberts v. AT&T Mobility LLC*, 877 F.3d 833, 837 (9th Cir. 2017) ("A threshold requirement of any constitutional claim is the presence of state action. . . . Because the First Amendment right to petition is a guarantee only against abridgment by [the] government, . . . state action is a necessary threshold which [a plaintiff] must cross before we can even consider

whether [a defendant] infringed upon [a plaintiff's] First Amendment rights . . . ." (internal citations and quotation marks omitted)); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 157 (1978) ("While as a factual matter any person with sufficient physical power may deprive a person of his property, only a State or a private person whose action may be fairly treated as that of the State itself . . . may deprive him of an interest encompassed within the Fourteenth Amendment's protection . . . ." (internal citations and quotation marks omitted)))).)   A response to this Order to Show Cause shall be filed from Rutenburg **on or before February 24, 2021**.  Defendant Twitter Inc. shall file a response to Ruenburg's response **on or before March 10, 2021**.  Rutenburg is permitted to file a reply **on or before March 17, 2021**.

In light of this Order to Show Cause, the parties' stipulation as to the briefing schedule of any forthcoming motion for preliminary injunction or motion to dismiss (Dkt. No. 15) is **DENIED AS MOOT**.  Moreover, based on the foregoing and in the conservation of limited judicial resources, the Court **EXTENDS** Twitter's response date to the complaint by ninety (90) days to **May 19, 2021**.

This Order terminates Docket Number 15.

**IT IS SO ORDERED.**

Dated: February 11, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**