UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA RUTENBURG,<br><br>    Plaintiff,<br><br>    v.<br><br>TWITTER, INC.,<br><br>    Defendant. | Case No.  4:21-cv-00548-YGR<br><br>ORDER DISMISSING CASE FOR LACK OF SUBJECT-MATTER JURISDICTION<br><br>Re: Dkt. Nos. 11, 16 |

Plaintiff Maria Rutenburg brings this action against defendant Twitter, Inc. based on Twitter's decisions to: (1) delete, remove, and/or apply warning labels to certain tweets regarding dishonest claims of election fraud from former President Donald Trump's account; and (2) suspend and thereafter permanently remove Trump's Twitter account from the Twitter platform.[1]  As alleged in the complaint and reflected in the record, Twitter took these actions in response to Trump's promotion of a stolen election, as well as the inflammatory tweets to the now infamous insurrection at the United States Capitol in January 6, 2021.  Based on these actions, Rutenburg brings one cause of action, a violation of Rutenburg's federal constitutional rights under the First and Fourteenth Amendments pursuant to 42 U.S.C. section 1983.

The matter is now before the Court based on the parties' briefing in response to the Court's Order to Show Cause.  (Dkt. No. 16.)  Specifically, the Court requested the parties to brief whether this action should be dismissed given that Twitter, as a private non-state actor, cannot be held liable for the 1983 claim at issue.  Having reviewed the parties' briefing, the Court orders that this case be **DISMISSED** for lack of subject matter jurisdiction.

---

[1] Rutenburg commenced this lawsuit on January 22, 2021, two days after current United States President Joseph R. Biden assumed office.

Rutenburg filed a motion for a temporary restraining order shortly after commencing this action. (*See* Dkt. No. 9, 10.) The Court summarily denied this motion (*see* Dkt. No. 11), explaining that a fundamental flaw in Rutenburg's entire case is that the claimed rights under the First Amendment (and the corollary claims under the Fourteenth Amendment) cannot be enforced against a private entity such as defendant Twitter. *See Manhattan Cmty. Access Corp. v. Halleck*, 139 S.Ct. 1921, 1928 (2019) ("The text and original meaning of those Amendments, as well as this Court's longstanding precedents, establish that the Free Speech Clause prohibits only *governmental* abridgment of speech. The Free Speech Clause does not prohibit *private* abridgment of speech." (emphasis in original)); *Belgau v. Inslee*, 975 F.3d 940, 946 (9th Cir. 2020) ("The Supreme Court has long held that 'merely private conduct, however discriminatory or wrongful,' falls outside the purview of the Fourteenth Amendment." (citing *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982))); *Roberts v. AT&T Mobility LLC*, 877 F.3d 833, 837 (9th Cir. 2017) ("A threshold requirement of any constitutional claim is the presence of state action. . . . Because the First Amendment right to petition is a guarantee only against abridgment by [the] government, . . . state action is a necessary threshold which [a plaintiff] must cross before we can even consider whether [a defendant] infringed upon [a plaintiff's] First Amendment rights . . . ." (internal citations and quotation marks omitted)); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 157 (1978) ("While as a factual matter any person with sufficient physical power may deprive a person of his property, only a State or a private person whose action may be fairly treated as that of the State itself . . . may deprive him of an interest encompassed within the Fourteenth Amendment's protection . . . ." (internal citations and quotation marks omitted)). Following this denial, the Court issued the instant Order to Show Cause. (Dkt. No. 16.)

A complaint can be dismissed for lack of subject matter jurisdiction if its federal claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). A court may even "act on its own initiative" to dismiss such an inadequate complaint. *See, e.g.*, *Lampros v. Baker*, 650 F. App'x 354, 355 (9th Cir. 2016) (upholding a *sua sponte* dismissal of a Section 1983 claim because the plaintiff had failed to allege state action).

1  Here, in response to the Order to Show Cause, Rutenburg asserts that "Twitter's conduct constitutes state action." Dkt. No. 17 at 1. This is crucial for Rutenburg to allege because Section 1983 provides a remedy for the deprivation of federal rights—but *only* when that deprivation is caused by conduct that is "fairly attributable to the *State*" and therefore undertaken under color of state law. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 928, 937 (1982) (emphasis supplied). Despite her arguments to the contrary, Twitter is not, in fact, a state actor for purposes of Section 1983, and therefore cannot be held liable for an alleged deprivation of a federal right.

As Twitter correctly explains, *Lugar* sets forth two requirements to determine when conduct is attributable to the state. *Id.* The first requirement concerns the exercise of state authority. In connection with a violation of the plaintiff's federal constitutional rights, a defendant must have "exercise[d] . . . some right or privilege created by the State." *Id.* at 937. Meanwhile, the second requirement, often described as the "state actor" requirement, asks whether the defendant is "a person who may fairly be said to be a state actor." *Id.*; *see also Collins v. Womancare*, 878 F.2d 1145, 1151 (9th Cir. 1989).

Here, Rutenburg's allegation does not and cannot satisfy these two requirements. First, Rutenburg makes no allegation that Twitter exercised any *state* right or privilege to restrict her access to former President Trump's Tweets. *Lugar* instructs that the alleged deprivation of constitutional rights must be rooted in the exercise of a state's sovereign power. 457 U.S. at 940; *see also Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922-23 (9th Cir. 2011) (analyzing a Section 1983 claim in terms of whether the deprivation was caused by the exercise of a right or privilege "created by the State"). Instead, Rutenburg points to a supposed delegation of authority from former President Trump to operate what she contends is a public forum. *See* Dkt. No. 2 ¶¶ 4, 57. At best, the amended complaint merely describes how Twitter using its own technical means reportedly disabled, removed, and otherwise restricted former President Trump's Tweets and accounts. *See id.* ¶¶ 3, 28, 30, 32, 33, 37, 40, 42, 44, 47. None of this has any connection with the exercise of authority by a sovereign state. Thus, the amended complaint fails to allege any conduct with a nexus to a state privilege or power.

3

Second, Rutenburg's allegations do not demonstrate that Twitter is an entity that may fairly be said to be a state actor. It is undisputed that Twitter is a private company. *See* Dkt. No. 2 ¶ 14 ("Twitter is a ubiquitous social media company."); Dkt. No. 17 at 2 ("Twitter is a private company."). Federal courts have uniformly rejected attempts to treat similar social media companies as state actors under Section 1983. *See, e.g.*, *Prager Univ. v. Google LLC*, No. 17-CV-06064-LHK, 2018 WL 1471939, at *8 (N.D. Cal. Mar. 26, 2018), *aff'd*, 951 F.3d 991 (9th Cir. 2020) (concluding that YouTube did not perform a public function simply by hosting speech on a private digital-video platform for the public); *Howard v. AOL*, 208 F.3d 741, 754 (9th Cir. 2000) (finding no subject-matter jurisdiction for a Section 1983 claim because AOL was not a state actor, even if it allegedly acted as a "quasi-public utility" that involves "a public trust."); *Ebeid v. Facebook, Inc.*, No. 18-CV-07030-PJH, 2019 WL 2059662, at *6 (N.D. Cal. May 9, 2019) (rejecting the argument that Facebook was a state actor because it allegedly regulated speech in a public forum); *Nyabwa v. Facebook*, No. 2:17-CV-24, 2018 WL 585467, at *1 (S.D. Tex. Jan. 26, 2018) (finding that the plaintiff had failed to state a First Amendment claim because Facebook was not the government); *Shulman v. Facebook.com*, No. CV 17-764 (JMV), 2017 WL 5129885, *4 (D.N.J. Nov. 6, 2017) (rejecting the plaintiff's constitutional claims against Facebook because Facebook was not a state actor); *Kinderstart.com LLC v. Google, Inc.*, No. C06-2057 JFRS, 2007 WL 831806, *13–15 (N.D. Cal. Mar. 16, 2007) (rejecting arguments that Google was a state actor for constitutional claims); *Langdon v. Google, Inc.*, 474 F. Supp. 2d 622, 631–32 (D. Del. 2007) (ruling that Google is a private entity not subject to the plaintiff's constitutional claims); *and Cyber Promotions, Inc. v. Am. Online, Inc.*, 948 F. Supp. 436, 442 (E.D. Pa. 1996) (concluding that AOL "does not stand in the shoes of the State"). Furthermore, as the United States Supreme Court recently recognized, "[m]erely hosting speech by others is not a traditional, exclusive public function and does not alone transform private entities into state actors subject to First Amendment constraints." *Halleck*, 139 S. Ct. at 1930. Simply put, Rutenburg cannot transform Twitter into a "state actor" based on an allegation that the company "administered" former President Trump's account, which is all that is alleged in the amended complaint.

In sum, Rutenburg has failed to demonstrate that Twitter is a state actor sufficient to trigger liability for an alleged deprivation of federal rights under Section 1983. Rutenburg conflates decisions finding that former President Trump's usage of Twitter is a public forum, constraining *his* ability to summarily block critics, and impermissibly attempts to extend this underlying logic to Twitter. This fails where Twitter is not a state actor, and is not exercising any sovereign state authority. Rutenburg's citations do not persuade, where such cases concern state actors, including elected state or local officials. Rutenburg otherwise fails to cite to a single case where a Court has found a private non-state actor liable under Section 1983 for alleged violations of constitutional rights in similar circumstances.

Accordingly, the foregoing reasons, the Court **DISMISSES** this action for lack of subject matter jurisdiction.

The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: April 9, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**