MARK R. CONRAD (CA Bar No. 255667)
GRACE YANG (CA Bar No. 286635)
**CONRAD | METLITZKY | KANE LLP**
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
Tel:   (415) 343-7100
Fax:   (415) 343-7101
Email: mconrad@conmetkane.com
Email: gyang@conmetkane.com

Attorneys for TWITTER, INC., a Delaware Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA RUTENBURG, an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>TWITTER, INC., a Delaware Corporation,<br><br>    Defendant. | CASE NO. 4:21-CV-00548-YGR<br><br>**DEFENDANT TWITTER, INC.'S OPPOSITION TO PLAINTIFF MARIA RUTENBURG'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Date:        June 1, 2021<br>Time:       2:00 PM<br>Judge:      Hon. Yvonne Gonzalez Rogers<br>Courtroom: Courtroom 1, 4th Floor |

**Table of Contents**

I. INTRODUCTION ..................................................................................................................1
II. FACTUAL AND PROCEDURAL BACKGROUND..........................................................1
    A. PROCEDURAL HISTORY.......................................................................................1
        1. Plaintiff Sues Twitter for Suspending Donald Trump's Account................1
        2. The Court Denies Plaintiff's Request for a Temporary Restraining Order. 2
        3. The Court Orders Plaintiff To Show Cause and Dismisses the FAC. .........2
        4. Plaintiff Seeks Leave To Amend Before the Clerk Can Enter Judgment....3
    B. FACTUAL ALLEGATIONS IN PLAINTIFF'S SAC............................................3
III. STANDARD OF REVIEW ...................................................................................................4
IV. ARGUMENT...........................................................................................................................5
V. CONCLUSION........................................................................................................................7

## Table of Authorities

**Cases**

*Chu v. Fay Servicing, LLC*,
   No. 20-CV-3540-YGR, 2021 WL 75664 (N.D. Cal. Jan. 8, 2021) ....................................... 1, 4

*Foman v. Davis*,
   371 U.S. 178 (1962) ................................................................................................................. 4

*Gebhardt v. Chu*,
   No. C 10-2807 MEJ, 2010 WL 5211459 (N.D. Cal. Dec. 16, 2010) ......................................... 3

*Greene v. Sloane*,
   No. CV 17-3497, 2019 WL 6654150 (E.D. Pa. Mar. 25, 2019),
   *aff'd*, 783 F. App'x 108 (3d Cir. 2019) ..................................................................................... 5

*Knight First Amendment Institute at Columbia University v. Trump*,
   302 F. Supp. 3d 541 (S.D.N.Y. 2018) ...................................................................................... 6

*Knight First Amendment Institute at Columbia University v. Trump*,
   928 F. 3d 226 (2d Cir. 2019) .................................................................................................... 4

*Lampros v. Baker*,
   650 F. App'x 354 (9th Cir. 2016) ............................................................................................. 5

*Lugar v. Edmondson Oil Co.*,
   457 U.S. 922 (1982) .............................................................................................................. 2, 5

*Manhattan Community Access Corporation v. Halleck,*
   139 S. Ct. 1921 (2019) ............................................................................................................. 2

*Moore v. Kayport Package Exp., Inc.*,
   885 F.2d 531 (9th Cir. 1989) .................................................................................................... 4

*Pruneyard Shopping Center v. Robbins*,
   447 U.S. 74 (1980) ................................................................................................................... 6

*Steel Co. v. Citizens for a Better Environmentt*,
   523 U.S. 83 (1998) ........................................................................................................... 1, 3, 5

**Federal Statutes**

42 U.S.C. § 1983 ............................................................................................................................. 1

**Federal Rules**

Fed. R. Civ. P.

12(b)(1) ..................................................................................................................................5

12(b)(6) ..................................................................................................................................5

15(a)(2) ..................................................................................................................................4

58(b)(1)(C) ............................................................................................................................3

iii

## I. INTRODUCTION

Plaintiff Maria Rutenburg ("Plaintiff") seeks permission to file a Second Amended Complaint ("SAC"). Dkt. No. 22. This request follows an order that dismissed her First Amended Complaint ("FAC") as "so insubstantial, implausible, … or otherwise completely devoid of merit as not to involve a federal controversy" and directed the Clerk of the Court to "close this case." Dkt. No. 21 at 2, 5 (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)).

Plaintiff's proposed SAC suffers from the very same defects as her FAC. Specifically, Plaintiff does not and cannot state a viable claim against Defendant Twitter, Inc. ("Twitter") for violation of her civil rights under 42 U.S.C. Section 1983. *See id.* at 3-5 (ruling that Rutenburg's civil rights claims against Twitter were defective because they made "no allegation that Twitter exercised any state right or privilege" and failed "to demonstrate that Twitter is a state actor sufficient to trigger liability for an alleged deprivation of federal rights under Section 1983").

Because the SAC remains subject to dismissal, Plaintiff's proposed amendments are "futile," and her motion should be denied. *See, e.g.*, *Chu v. Fay Servicing, LLC*, No. 20-CV-3540-YGR, 2021 WL 75664, at *1 (N.D. Cal. Jan. 8, 2021) (Gonzalez Rogers, J.).

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Procedural History.

#### 1. Plaintiff Sues Twitter for Suspending Donald Trump's Account.

Plaintiff filed her initial complaint on January 22, 2021, Dkt. No. 1, and she filed the FAC four days later, on January 26, 2021, Dkt. No. 2.

The FAC asserted a single cause of action based on an alleged violation of her First and Fourteenth Amendment rights. *Id.* at 7. The statutory basis for her claim was 42 U.S.C. Section 1983, which permits individuals to file a civil action against any person who, under color of state law, deprives a plaintiff of "any rights, privileges or immunities secured by the Constitution." 42 U.S.C. § 1983. The nub of her claim was this: while former President Trump was still in office, Twitter restricted his Tweets and his account, and so blocked Plaintiff and the rest of the public from being able to view and otherwise engage with those Tweets. *Id.* ¶¶ 25–50.

    *2.*  *The Court Denies Plaintiff's Request for a Temporary Restraining Order.*

On January 27, 2021, Plaintiff moved for a temporary restraining order to reinstate former President Trump's Twitter account and Tweets. Dkt. No. 9 at 20. The Court denied that motion *sua sponte*. Dkt. No. 11 at 1. In its ruling, the Court explained that a "fundamental flaw in Rutenburg's entire case is that the claimed rights under the First Amendment (and the corollary claims under the Fourteenth Amendment) cannot be enforced against a private entity" like Twitter. *Id.* at 1.

    *3.*  *The Court Orders Plaintiff To Show Cause and Dismisses the FAC.*

After denying Plaintiff's request for a temporary restraining order, the Court issued an order to show cause requiring Plaintiff to explain "why this case should not be dismissed for lack of subject-matter jurisdiction." Dkt. No. 16 at 1 ("OSC"). The OSC explained, again, that the First Amendment "prohibits only *governmental* abridgment of speech" and "does not prohibit *private* abridgement of speech." *Id.* (citing *Halleck*, 139 S. Ct. at 1928) (emphasis in original).

In response to the OSC, Plaintiff argued that Twitter was "cloaked with and exercised … government authority" when it suspended former President Trump's account. Dkt. No. 17 at 7. Plaintiff claimed that "Twitter's conduct here is under color of law because its actions [in administering former President Trump's Twitter account] satisfy the government function test." Dkt. No. 20 at 2.

The Court rejected these arguments and dismissed the FAC. Dkt. No. 21. The Court ruled that Plaintiff's FAC failed to satisfy two necessary elements of a Section 1983 claim. *First*, the Court noted that a Section 1983 plaintiff's "alleged deprivation of constitutional rights must be rooted in the exercise of a state's sovereign power," and it found that the FAC contained "no allegation that Twitter exercised any state right or privilege to restrict her access to former President Trump's Tweets." *Id.* at 3 (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 940 (1982)). *Second*, the Court noted that Section 1983 claims can only be brought against "state actors," and it ruled that the FAC "failed to demonstrate that Twitter is a state actor sufficient to trigger liability for an alleged deprivation of federal rights." *Id.* at 4–5 (citing *Manhattan Cmty. Access Corp. v. Halleck*, 139 S.Ct. 1921, 1930 (2019)).

The Court found not only that Plaintiff's claims under Section 1983 were subject to dismissal, but that they could be dismissed *for lack of subject matter jurisdiction* because Plaintiff's theory was "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of

merit as not to involve a federal controversy." *Id.* at 2 (quoting *Citizens for a Better Environment*, 523 U.S. at 89).

                4.       *Plaintiff Seeks Leave To Amend Before the Clerk Can Enter Judgment.*

The Court's order directed the Clerk of the Court to "close the case." *Id.* at 5. Because the Court denied all relief to Plaintiff, the Clerk of the Court was therefore required, without awaiting the Court's direction, promptly to "prepare, sign, and enter the judgment." Fed. R. Civ. P. 58(b)(1)(C). Before the Clerk could do so, however, Plaintiff filed the instant motion for leave to amend. Dkt. No. 22.

**B.**       **Factual Allegations in Plaintiff's SAC.**[1]

Plaintiff's proposed SAC, like the defective FAC, asserts a single cause of action under Section 1983 for alleged violations of her federal constitutional rights, based entirely on Twitter's administration of the account of former President Trump. *See generally* ECF No. 22-2 (proposed SAC); ECF No. 22-3 (redline of proposed SAC compared to FAC). As with Plaintiff's prior pleading, the proposed SAC contains the following principal allegations:

- Plaintiff is an individual and an active Twitter user. Dkt. No. 22-3 ¶¶ 7, 28. She interacts with the Tweets of other Twitter users. *Id.* ¶ 29. Among the persons whose Tweets she frequently likes, quotes, comments on, and/or Retweets is former President Donald Trump. *Id.* ¶ 30.

- Former President Trump "presented" his Twitter account as "a presidential account as opposed to a personal account" while he was still in office. *Id.* ¶ 34. He used this account "to take actions that can only be taken by the President as President." *Id.* This included, for example, "appointment and removal of officers and … conducting foreign policy." *Id.* ¶ 35.

- Twitter deleted, removed, and/or "applied warning labels" to certain Tweets by former President Trump between November 2, 2020 and January 6, 2021. *See id.* ¶¶ 48-70. Twitter suspended the account of former President Trump and "removed the more than 65,000 [T]weets that used to be visible in the account." *Id.* ¶¶ 71–72.

- Twitter did not take any action with respect to Plaintiff's own account, but Plaintiff "desires to view, search and comment but is no longer able to do so on any of the former President's [T]weets." *Id.* ¶ 74.

---

[1] To assess subject-matter jurisdiction, the Court need not accept the alleged facts as true. *Gebhardt v. Chu*, No. C 10-2807 MEJ, 2010 WL 5211459, at *5 (N.D. Cal. Dec. 16, 2010). But Twitter accepts the Second Amended Complaint's factual allegations as true solely for the purpose of addressing the instant motion for leave to amend.

The proposed amendments, which distinguish Plaintiff's SAC from the FAC, are as follows:

- The caption page, footers, and introductory paragraph have been changed to reflect the revised name of the Second Amended Complaint. *Id.* at 1–12.

- New allegations have been added about the nature of Twitter's business, including that it "opens its platform broadly" and has "hundreds of millions of users" who "post short messages that are called 'Tweets' that may be up to 280 characters," and that users can "engage with one another in a variety of ways," including by replies, comments, and so forth. *Id.* ¶¶ 13–24.

- Plaintiff alleges that Twitter and former President Trump were "political opponents" and that former President Trump "maintained an account on his adversary's service to post public messages." *Id.* ¶ 32.

- Plaintiff has included new allegations relating to former President Trump's use of his Twitter account, including that he used it "as a channel for communicating and interacting with the public about his administration," that the account was "generally accessible to the public at large without regard to political affiliation or another limiting criteria," and that he used the account "multiple times a day to announce, describe, and defend his policies, to promote his Administration's legislative agenda, to announce official decisions, to engage with foreign political leaders, to publicize state visits, to challenge media organizations' coverage of himself, and sometimes for non-government business." *Id.* ¶¶ 36–45.

- Plaintiff has included new "allegations" discussing the Second Circuit's ruling in *Knight First Amendment Institute v. Trump*, 928 F. 3d 226, 239 (2d Cir. 2019), which involved seven Twitter users who were "blocked" by former President Trump. *Id.* ¶¶ 33, 46–47.

At bottom, the legal theory and operative facts presented in Plaintiff's SAC have not changed: Plaintiff still claims that Twitter's actions with respect to the administration of former President Trump's account have violated her federal constitutional rights—and, by extension, the free speech rights of the "millions of people around the country" who wish to "view, discuss, debate, comment and respond to former President Trump's [T]weets." *Id.* ¶ 2.

**III.    STANDARD OF REVIEW**

Courts "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, leave to amend "need not be given if a complaint, as amended, is subject to dismissal" and "leave to amend would therefore be futile." *Chu v. Fay Servicing, LLC*, No. 20-CV-3540-YGR, 2021 WL 75664, at *1 (N.D. Cal. Jan. 8, 2021) (Gonzalez Rogers, J.) (quoting *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

A complaint can be dismissed for lack of subject-matter jurisdiction if its federal claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Citizens for a Better Environment*, 523 U.S. at 89 (1998). A court may even "act on its own initiative" to dismiss such an inadequate complaint. *See, e.g.*, *Lampros v. Baker*, 650 F. App'x 354, 355 (9th Cir. 2016) (upholding a *sua sponte* dismissal of a Section 1983 claim because the plaintiff had failed to allege state action). Ample authority exists to support dismissal for lack of subject-matter jurisdiction where, as here, a putative Section 1983 claim cannot plausibly allege that the defendant is a state actor. *See, e.g.*, *Greene v. Sloane*, No. CV 17-3497, 2019 WL 6654150, at *1 (E.D. Pa. Mar. 25, 2019), *aff'd*, 783 F. App'x 108 (3d Cir. 2019) (dismissing *sua sponte* a frivolous Section 1983 claim for lack of subject-matter jurisdiction because the plaintiff did not plausibly allege that the defendants were state actors).[2]

### IV.   ARGUMENT

The merits of Plaintiff's putative Section 1983 claim against Twitter were fully briefed in connection with the Court's earlier OSC. As Twitter explained in its earlier brief, Plaintiff cannot sue Twitter under Section 1983 because: (i) Plaintiff has not identified the exercise by Twitter of any "right or privilege having its source in *state authority*," and (ii) Plaintiff has not alleged facts sufficient to establish that Twitter "may fairly be said to be a *state actor*" within the meaning of Section 1983. *See* Dkt. No. 18 at 4-10 (emphasis added) (citing *Lugar*, 457 U.S. at 937, 939). The Court agreed with both of these contentions, holding that "Twitter is not a state actor, and is not exercising any sovereign state authority." Dkt. No. 21 at 5.

---

[2] Twitter notes that, even if the SAC is not so "wholly insubstantial or frivolous" as to fall outside of the Court's subject-matter jurisdiction, *Citizens for a Better Environment*, 523 U.S. at 89, her claim would still be subject to dismissal—and the Court still should deny leave to amend—because the SAC fails to state a viable claim. In other words, denial of the instant motion would be appropriate either under Rule 12(b)(1) for lack of subject-matter jurisdiction, or under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. For purposes of this filing, Twitter does not examine any defects in the SAC beyond those identified in the Court's prior orders, but in the event that the Court were to grant Plaintiff's motion, Twitter reserves its right to move for dismissal based on numerous additional pleading defects in the SAC, if and when a response is ever required. *See* Dkt. No. 18 at 4 & n.2 (discussing additional defects in Plaintiff's Section 1983 claim, as to standing, mootness, and Section 230 of the Communications Decency Act for example).

Plaintiff's proposed SAC does not fix these defects. As described above, Plaintiff's proposed amendments do not materially change the substance of her case, and they provide no further factual support for Plaintiff's theory that Twitter either operated as a state actor or exercised the authority or privileges of a sovereign state. Instead, the proposed SAC merely adds paragraphs illustrating or amplifying the ways in which former President Trump used his Twitter account. *See* Dkt. No. 22-3 ¶¶ 32–33, 36–47. The Court has already deemed such allegations insufficient to subject Twitter, as a private social media company, to liability for claims arising under the First or Fourteenth Amendments, or any other parts of the United States Constitution. Dkt. No. 21 at 4 ("Simply put, Rutenburg cannot transform Twitter into a 'state actor' based on an allegation that the company 'administered' former President Trump's account, which is all that is alleged in the amended complaint.").

Plaintiff's latest motion likewise fails to explain how the proposed amendments in her SAC actually make any difference to the viability of her claims. Instead, Plaintiff's motion simply argues that the Court's prior ruling was wrong, and that Twitter should be deemed a state actor for purposes of Section 1983 based on its mere administration of former President Trump's account, which Plaintiff says that other courts have described as a public forum.[3] Dkt. No. 22 at 2–8 (citing the new allegations in Paragraphs 36–45 of the SAC, as well as the recycled allegations in Paragraphs 34–35, and relying on *Knight First Amendment Inst. at Columbia Univ. v. Trump*, 302 F. Supp. 3d 541, 564 (S.D.N.Y. 2018)). But the Court has already analyzed and rejected this very argument:

> Rutenburg conflates decisions [such as *Knight*] finding that former President Trump's usage of Twitter is a public forum, constraining his ability to summarily block critics, *and impermissibly attempts to extend this underlying logic to Twitter*. This fails where Twitter

---

[3] In addition to relying on *Knight*, Plaintiff also wrongly suggests that her claim under the First Amendment might be viable because she filed her case in a district court in California, rather than in New York. *See* Dkt. No. 22 at 7-8. She explains that "the California Constitution confers even broader and greater freedom of speech on private property than does the federal constitution and therefore it is easier to establish a public forum." *Id.* at 7.

This is a perplexing argument, since Plaintiff's lawsuit does not arise under the California Constitution. Instead, the proposed SAC asserts only a claim under Section 1983, a federal statute, for the supposed violation of federal constitutional rights. Needless to say, the First and Fourteenth Amendments have the same scope and effect in the Northern District of California as they do in the Southern District of New York. And the Supreme Court case cited by Plaintiff, *Pruneyard Shopping Center v. Robbins*, 447 U.S. 74 (1980), neither holds nor even remotely suggests that either Section 1983 or the federal constitution applies more expansively in California; instead, that case held only that a shopping mall owner's federal constitutional rights were not abridged by the more expansive free speech rights afforded by the California Constitution. *Id.* at 88.

is not a state actor, and is not exercising any sovereign state authority. Rutenburg's citations do not persuade, where such cases concern state actors, including elected state or local officials. Rutenburg otherwise fails to cite to a single case where a Court has found a private non-state actor liable under Section 1983 for alleged violations of constitutional rights in similar circumstances.

Dkt. No. 21 at 5 (emphasis added). The Court's analysis quoted above applies with as much force to the SAC as it did to the FAC, and the Court therefore should deny Plaintiff's motion for leave to amend.

## V.  CONCLUSION

Plaintiff's motion for leave to amend her complaint should be denied, and judgment should be entered against her and in favor of Twitter.

DATED: May 5, 2021

Respectfully submitted,

CONRAD | METLITZKY | KANE LLP

_____
MARK R. CONRAD
GRACE YANG
Attorneys for TWITTER, INC.