Mark L. Javitch (CA SBN 323729)
JAVITCH LAW OFFICE
480 S. Ellsworth Ave.
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA RUTENBURG,<br><br>          Plaintiff,<br><br>v.<br><br>TWITTER, INC.,<br><br>          Defendant. | Case No.: 4:21-cv-00548-YGR<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Hearing Date: June 1, 2021<br>Time: 2:00 p.m. |

i

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Second Amended Complaint ("SAC") seeks to establish the same as other courts facing the same issue have already held, that the area in which Plaintiff sought to access and comment, the interactive space surrounding the former President's Tweets, was a designated public forum. Twitter does not address Plaintiff's argument that the reasoning of dozens of courts across the country support the rule Plaintiff seeks to apply.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

On January 22, 2021, Plaintiff filed a Complaint under 42 U.S.C. § 1983 alleging that Twitter acted under color of law in violation of her First and Fourteenth Amendment rights when it arbitrarily censored and blocked Plaintiff's ability to comment on the topic of election integrity in the designated public forum that was the space where users could previously respond to former President Trump's Tweets. (*See* Dkt. No. 1). On January 26, 2021, Plaintiff filed her Amended Complaint. (*See* Dkt. No. 2). On January 27, 2021, Rutenburg filed a motion for a temporary restraining order. (*See* Dkt. Nos. 9, 10). The Court denied the motion. (*See* Dkt. No. 11.)

On February 11, 2021, the Court issued an Order to Show Cause ("OSC") why the case should not be dismissed for lack of subject matter jurisdiction. (*See* Dkt. No. 16). The Parties fully briefed the matter. (*See* Dkt. Nos. 17, 18, 20). On April 9, 2021, the Court dismissed the case for lack of subject matter jurisdiction because Plaintiff did not sufficiently allege that the space from which she was blocked was a designated public forum. (*See* Dkt. 21).

On April 21, 2021, Plaintiff moved for leave to file her Second Amended Complaint. (*See* Dkt. 22, "Motion"). Twitter filed its opposition on May 6, 2021. (*See* Dkt. 23, "Opposition"). Now before

the Court is Plaintiff's Reply to Twitter's Opposition to Plaintiff's motion for leave to file her Second Amended Complaint.

## III.   LEGAL STANDARD

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely granted when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (cleaned up). The liberal policy towards amendment is well-established in the Ninth Circuit. *See, e.g., Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) ("leave to amend 'shall be freely given when justice so requires,' Fed. R. Civ. P. 15(a), and this policy is to be applied with extreme liberality").

## IV.   THE COURT SHOULD GRANT LEAVE TO AMEND

On April 9, 2021, the Court dismissed the Amended Complaint because Plaintiff did not sufficiently allege that the space where she tried to access and comment was a designated public forum. (*See* Dkt. 21, at p. 3 ("Instead, Rutenburg points to a supposed delegation of authority from former President Trump to operate what she contends is a public forum.")). The Court should allow Plaintiff to file the proposed SAC because adding allegations sufficient to establish that the space where she tried to access and comment was a designated public forum would convey subject matter jurisdiction over this case.

### A. The SAC Establishes the Space Where Plaintiff Sought to Access and Comment was a Designated Public Forum

In the Motion, Plaintiff argued that this case merely seeks to establish the same as was held in *Knight* because the plaintiffs in both of these cases were blocked from the exact same area – the space for commenting on the former President's Tweets. This space must be analyzed separately from Twitter

as a whole. *See e.g.*, *Knight First Amendment Inst. at Columbia Univ. v. Trump*, 302 F. Supp. 3d 541, 564 (S.D.N.Y. 2018).[1]

Therefore, the SAC now seeks to allege a similar description of the @realDonaldTrump Twitter Profile that the Southern District of New York and the panel of the Second Circuit previously analyzed and determined was a designated public forum. *See id. at* 564; SAC, ¶¶ 34-45.

**B. This Court Must follow *Knight* and the Dozens of Other Similar Cases**

Despite the *Knight* opinions being vacated due to the change in presidential administrations, the reasoning of the district court, the Second Circuit panel and the order denying rehearing en banc remain persuasive authority. *See Knight*, 302 F. Supp. 3d 541, 564, aff'd by 928 F.3d at 239 (2d Cir. 2019) denial of reh'g en banc, 953 F.3d 216, 221-22 (2d Cir. 2020).[2] The vacated opinions are unlikely[3] to change the direction of the well-reasoned, voluminous caselaw establishing that government officials create designated public fora when they post for official purposes and enable responses on social media. This extension of First Amendment rights on social media is supported by nearly every court across the country that has confronted this situation.[4] But Twitter has no response to this development.

---

[1] *Remanded and vacated as moot sub nom. Biden v. Knight First Amend. Inst.*, 141 S. Ct. 1220 (2021).

[2] Ibid.

[3] *See* Goldman, Eric. "Deconstructing Justice Thomas' Pro-Censorship Statement in Knight First Amendment v. Trump." Apr. 12, 2021. Technology & Marketing Law Blog. blog.ericgoldman.org/archives/2021/04/deconstructing-justice-thomas-pro-censorship-statement-in-knight-first-amendment-v-trump.htm (last accessed, May 11, 2021).

[4] *See Lewis v. Jones*, 440 F. Supp. 3d 1123, 1135 (E.D. Cal. 2020); *West v. Shea*, SACV 20-01293-CJC (DFMx), 2020 U.S. Dist. LEXIS 248837, __ F. Supp. 3d __, 2020 WL 8269540, at *6-7 (C.D. Cal. Nov. 12, 2020); *Garnier v. O'Connor-Ratcliff*, No. 3:17-cv-02215-BEN-JLB, 2021, U.S. Dist. LEXIS 7613, 2021 WL 129823, at *27 (S.D. Cal. Jan. 14, 2021); *Garnier v. Poway Unified Sch. Dist.*, No. 17-cv-2215-W (JLB), 2019 U.S. Dist. LEXIS 167247, 2019 WL 4736208, at *29 (S.D. Cal. Sept. 26, 2019); *Windom v. Harshbarger*, 396 F. Supp. 3d 675, 685 (N.D. W. Va. 2019); *One Wis. Now v. Kremer*, 354 F. Supp. 3d 940, 955 (W.D. Wis. 2019); *Attwood v. Clemons*, No. 1:18cv-38-MW/MJF, 2021 U.S. Dist. LEXIS

Courts have evaluated dozens of public officials' social media accounts across the country – and all came to the same result.[5] In the case of former President Trump's Tweets, the district court, Second Circuit panel, and the Second Circuit panel denying rehearing en banc all specifically evaluated former President Trump's Twitter account. The opinion denying rehearing en banc points out that analyzing separately the space surrounding the former President's Tweets is consistent with the Supreme Court's application of the public forum doctrine in analogous contexts. *See Knight*, 953 F.3d 216, 221-22. The Supreme Court has long held that open public meetings are public fora in which viewpoint discrimination is impermissible. *City of Madison Joint Sch. Dist. No. 8 v. Wis. Emp. Relations Comm'n*, 429 U.S. 167, 175 (1976). Twitter cannot seriously dispute the countless number of courts that all follow the same logic in holding that designated public fora have been opened on its platform. *Cf. Venetian Casino Resort, L.L.C. v. Local Joint Exec. Bd.*, 257 F.3d 937, 944 (9th Cir. 2001)[6] (changing the public forum's protected status would require altering the objective physical character or uses of the property). Twitter must deal with the consequences of public fora being opened on its platform.

---

49586, 2021 WL 1020449, at *20 (N.D. Fla. Mar. 17, 2021); *Anderson v. Hansen*, No. 20-C-1305, 2021 U.S. Dist. LEXIS 27722, at *25-28 (E.D. Wis. Feb. 12, 2021); *Scarborough v. Frederick Cnty. Sch. Bd.*, No. 5:20-cv-00069, 2021 U.S. Dist. LEXIS 22977, 2021 WL 419180, at *17-19 (W.D. Va. Feb. 8, 2021); *Clark v. Kolkhorst*, No. A-19-CV-00198- LY-SH, 2020 U.S. Dist. LEXIS 193964, 2020 WL 6151570, at *19-20 (W.D. Tex. Oct. 20, 2020); *Felts v. Reed*, No. 20-cv-821-JAR, 2020 U.S. Dist. LEXIS 224489, 2020 WL 7041809, at *6 (E.D. Mo. Dec. 1, 2020); *Popp v. Monroe Cnty.*, No. 1:19-cv-03664-JPHDML, 2020 U.S. Dist. LEXIS 57042, at *2 (D. Ind. Mar. 31, 2020); *Am. Atheists v. Rapert*, No. 4:19-cv-00017-KGB, 2019 U.S. Dist. LEXIS 230493, at *79 (E.D. AR Sep. 30, 2019); *cf. Campbell v. Reisch*, No. 19-2994, 2021 U.S. App. LEXIS 2202, 2021 WL 261992, at *13 (8th Cir. Jan. 27, 2021) (the social media page of a candidate running for office was not official and thus did not create a public forum); *Phillips v. Ochoa*, No. 2:20-cv-00272-JAD-VCF, 2021 U.S. Dist. LEXIS 55683, 2021 WL 1131693, at *7-9 (D. Nev. Mar. 24, 2021) (same).

[5] Ibid.

[6] cert. denied, 535 U.S. 905 (2002).

Instead, Twitter asserts that as a private company, it simply has no obligations to the thousands of people on its platform who are indisputably Tweeting in designated public fora. But this is the same argument that was rejected by the Supreme Court in *Pruneyard Shopping Center v. Robbins*, 44 U.S. 74, 83 (1980) (California private property owner suffers no deprivation when forced to honor free the speech rights of visitors).

Twitter argues that this case being in California does not save it from dismissal. *See* Twitter's Opposition, p. 6, fn 3. But Twitter ignores that California alters the level of protection granted by the federal constitution. *See PruneYard*, 447 U.S.at 77 (California courts enforce even broader and greater freedom of speech on private property than required by the federal constitution and therefore it is easier to establish a public forum.); *Fashion Valley Mall, LLC v. Nat'l Lab. Rel. Bd.*, 42 Cal. 4th 850, 859 (2007) (private property in California constitutes a public forum if the property is open to the public). California strikes a different balance of property rights compared to the rest of the country in favor of peaceful exercise of free speech rights over property owners' exclusive control of their property. *See Robins v. Pruneyard Shopping Center*, 23 Cal.3d 899, 905-06 (1979) ("To hold otherwise would flout the whole development of law regarding states' power to regulate uses of property and would place a state's interest in strengthening First Amendment rights in an inferior rather than a preferred position.")

Therefore, the rule espoused in *Halleck*, 139 S.Ct 1921, 1934 (2019) (a private entity who opens its property for speech by others does not confer visitors with First Amendment rights) would be reversed in California. *Cf. Pruneyard*, 447 U.S. at 83 (private shopping center property must permit the exercise of state-protected rights of free expression and petition). Further, *Halleck* is not controlling generally, because the facts are inapposite – the plaintiffs in both cases were trying to access different spaces and the defendants in both cases were exercising different functions. The space at issue in *Halleck* was access to public access cable channels and the function was the operation of those channels

on a cable system.[7] In contrast, here, Plaintiff was trying to access the space surrounding former President Trump's official Tweets, and the function at issue is Twitter's regulation of Plaintiff's speech in a designated public forum.

V.     **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her leave to amend to file the SAC.

Dated: May 11, 2021            Respectfully submitted

By:  /s/ Mark L. Javitch          .
Mark L. Javitch (SBN 323729)
480 S. Ellsworth Ave.
San Mateo CA 94401
Tel: (650) 781-8000
Fax: (650) 648-0705

*Attorney for Plaintiff*
MARIA RUTENBURG

---

[7] The Supreme Court explained that operation of public access cable channels is not a traditional and exclusive public function. *Halleck*, 139 S.Ct. at 1931.

# CERTIFICATE OF SERVICE

Filed electronically on this 11th day of May 2021, with the United States District Court for the Northern District of California CM/ECF system.

Notification was, therefore, automatically sent through the CM/ECF system to Counsel of record for Defendant:

Mark R. Conrad
Conrad | Metlitzky | Kane LLP
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
(415) 343-7102
Fax: (415) 343-7101
Email: mconrad@conmetkane.com
LEAD ATTORNEY

Grace Yu-Ting Yang
Conrad | Metlitzky | Kane LLP
Four Embarcadero Center
Suite1400
San Francisco, CA 94111-4164
415-469-1715
Fax: 415-343-7100

By: /s/ Mark L. Javitch         .
    Mark L. Javitch