United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MARIA RUTENBURG**, <br> Plaintiff, <br> v. <br> **TWITTER, INC.**, <br> Defendant. | Case No. 4:21-cv-00548-YGR <br><br> **ORDER DENYING MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT** <br><br> Re: Dkt. No. 22 |

The Court previously ordered this case dismissed for lack of subject matter jurisdiction. (Dkt. No. 21.) Plaintiff Maria Rutenburg subsequently filed a motion requesting leave to file a second amended complaint. (Dkt. No. 22.) Defendant Twitter Inc. opposes the motion. (Dkt. No. 23; *see also* Dkt. No. 24 (reply).) Having reviewed the parties' briefing, and for the reasons set forth below, the Court **DENIES** the motion for leave to file a second amended complaint.[1]

Federal Rule of Civil Procedure 15(a) provides that a trial court should "freely give leave when justice so requires." A district court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989); *see also Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

---

[1] The Court has reviewed the papers submitted by the parties in connection with the motion for leave to file a second amended complaint. The Court has determined that the motion is appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 728-29 (9th Cir. 1991). Accordingly, the Court **VACATES** the hearing scheduled for June 1, 2021.

1    Here, Rutenburg's proposed amendments do not address the Court's analysis from the prior Order dismissing this case for lack of subject matter jurisdiction, and are thus futile. Instead, these new allegations consist of additional details of Twitter, former President Donald Trump and his Twitter account, Rutenburg's Twitter usage, and a discussion of the Second Circuit case, *Knight First Amendment Institute v. Trump*, 928 F. 3d 226 (2d Cir. 2019). These proposed amendments do not alter, let alone address, the Court's prior determination that "Twitter is not a state actor, and is not exercising any sovereign state authority." (Dkt. No. 21 at 5.). Again, "[s]imply put, Rutenburg cannot transform Twitter into a 'state actor' based on an allegation that the company 'administered' former President Trump's account, which is all that is alleged in the amended complaint." (*Id.* at 4.) In light of these defects, Rutenburg's proposed amendments are futile and do not warrant the granting of this motion.

    Accordingly, the motion for leave to file a second amended complaint is **DENIED**. The Clerk of the Court is directed to enter judgment consist with the disposition of this Order and the prior Order at Docket Number 21.

    This Order terminates Docket Number 22.

**IT IS SO ORDERED.**

Dated: May 28, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**